**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **ALICIA SHERRIE ROBINSON,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:11-CV-3350-B** |
| | ) | |
| **ARAMARK STAFF CEO, and THE EEOC,** | ) | |
| **Defendants.** | ) | |

## FINDINGS CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge.  The findings, conclusions and recommendation of the Magistrate Judge follow:

## BACKGROUND

Plaintiff filed this complaint against Defendant Aramark for employment discrimination and against the EEOC for various claims.  Plaintiff is proceeding *pro se* and the Court has granted her leave to proceed *in forma pauperis*.  The Court has not issued process pending judicial screening.

Plaintiff is a former employee of Defendant Aramark.  She states Aramark unlawfully terminated her employment in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*.  She also states she was subject to sexual harassment while employed, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq*.

Plaintiff claims the EEOC discriminated against her because its employees told her she was crazy and that she could not sue Defendant Aramark.

**Findings, Conclusions and Recommendation
of the United States Magistrate Judge**          Page -1-

**SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it
concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may
be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.  28
U.S.C. § 1915(e)(2)(B).  To state a claim upon which relief may be granted, a plaintiff must
plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v.
Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise
a right to relief above the speculative level . . . ."  *Id.* at 555.  "A claim has facial plausibility
when the plaintiff pleads factual content that allows the court to draw the reasonable inference
that the defendant is liable for the misconduct alleged.*"  Ashcroft v. Iqbal*, 556 U.S. 162, 129
S.Ct. 1937, 1949 (2009).  While a complaint need not contain detailed factual allegations, the
plaintiff must allege more than labels and conclusions.  *Twombly*, 550 U.S. at 555.

**DISCUSSION**

Plaintiff states Defendant Aramark discriminated against her when it terminated her
employment.  Plaintiff previously filed these same claims against Aramark.  *See Robinson v.
Aramark*, No. 3:11-CV-0036-B (N.D. Tex. filed Jan. 6, 2011).  On April 13, 2011, the Court
dismissed the complaint as time-barred.  On November 9, 2011, the Fifth Circuit Court of
Appeals dismissed Plaintiff's appeal as not timely filed.  *Robinson v. Aramark*,  No. 11-10924
(5th Cir. Nov. 9, 2011) (per curiam).  Plaintiff cannot now relitigate these claims.  Moreover, she
has submitted no evidence that her claims against Aramark are timely.  These claims should be
dismissed.

Plaintiff claims employees at the EEOC told her she was crazy and that she could not sue

Aramark.  To the extent the EEOC determined it would take no action against Aramark based on

Plaintiff's complaint, Plaintiff has established no federal cause of action.  *See* 42 U.S.C. § 2000e

5(b), (f)(1) (stating that if the EEOC declines to sue an employer, a plaintiff may file a civil

action in federal court within the limitations period).   Further, although Plaintiff states she filed

her suit against the EEOC based on discrimination in employment, housing, welfare, labor,

medicare, personal injury, property damage, product liability, federal taxes, and others, she

provided no factual basis for these claims. (*See* Magistrate Judge's Questionnaire, Answer No.

1B.)  Plaintiff's claims against the EEOC should be dismissed.  *See Iqbal*, 129 S.Ct. 1937, 1949

("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555

(2007)).

## **RECOMMENDATION**

The Court recommends that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §

1915(e)(2).

Signed this 1st day of February,  2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).